CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

APR 10 2023

LAURA A. AUSTIN, CLERK
BY: /s/ 
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:96-cr-30013 |
| v. | ) | |
| | ) | By:   Michael F. Urbanski |
| PETER LLOYD COLEY | ) | Chief United States District Judge |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

Pending before the court are defendant Coley's three motions for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] The first motion, which Coley filed pro se on November 23, 2021, asserted grounds for relief based on changes in sentencing law and family circumstances. ECF No. 122. Represented by counsel, Coley filed a supplemental motion for compassionate release on February 28, 2022. ECF No. 126. The government has responded in opposition and Coley has replied. ECF Nos. 129, 132. Following his reply, Coley filed an emergency supplemental motion based on his wife's deteriorating health. ECF No. 133. Finally, the government has filed a notice of new authority, to which Coley has responded. ECF Nos. 134, 135. For the reasons stated herein, the court will **GRANT** Coley's motions for compassionate release and reduce his sentence to time served.

I.

Coley currently is serving a 51-month sentence for violation of supervised release conditions. His underlying conviction is for conspiracy to manufacture phencyclidine (PCP).

---

[1] Coley also filed a motion for compassionate release on September 11, 2020, alleging that his susceptibility to COVID-19 presented an extraordinary and compelling reason for a sentence reduction. ECF No. 93. The court denied the motion on May 10, 2021. ECF No. 110.

1

Presentence Investigation Report (PSR), ECF No. 119 ¶ 11. As part of the conspiracy, Coley's group manufactured and smuggled piperidine, a controlled precursor of PCP, into Virginia, where PCP was manufactured and sent to the District of Columbia for distribution. Id. Coley played a key role in the manufacture and distribution of the PCP, and upon discovery, he was arrested in California in March 1996. Id. ¶¶ 11–21.

On March 22, 1996, Coley was named in an eight-count superseding indictment. Id. ¶ 7. On July 9, 1996, Coley entered into a plea agreement in which he pled guilty to two counts: conspiracy to manufacture and distribute PCP in violation of 21 U.S.C. § 846 (Count One), and illegal disposal of hazardous waste in violation of 42 U.S.C. § 6928(d)(2)(A) (Count Seven). Supervised Release Violation Report, ECF No. 89.

Based on drug weight, Coley had a base offense level of 38 under USSG § 2D1.1(c)(1). He received a four-level increase for his role in the offense, and a three-level decrease for acceptance of responsibility, giving him a total offense level of 39. PSR, ECF No. 119 ¶¶ 29–51. Because he had two previous convictions involving the manufacturing and distribution of PCP, Coley was classified as a career offender under USSG § 4B1.1, giving him an offense level of 37. As the base offense level of 39 based on drug weight was greater than the career offender level, the drug-weight offense level was used to calculate Coley's sentence. PSR, ECF No. 119 ¶ 52–53. His criminal history score was calculated as IV but increased to VI because of his status as a career offender. Id. ¶¶ 60–64.

Coley faced a statutory sentence of 20 years to life on the first count and a maximum of 5 years on the second count. Id. ¶ 82 (citing 21 U.S.C. § 841(b)(1)(A) and 42 U.S.C. § 6928(d)(2)(A)). His guidelines sentencing range was 360 months to life, based on his total

offense level of 39 and his criminal history category of VI. Id. ¶ 83 (citing USSG Ch. 5 Pt. A). On November 12, 1996, the court sentenced Coley to 500 months' imprisonment, to be followed by a 10-year term of supervised release. Supervised Release Violation Report, ECF No. 89 at 1. On January 25, 2002, upon the government's motion, Coley's sentence was reduced to 240 months. Id. Coley was released to supervision on October 20, 2012, and supervision was transferred to the Central District of California, where he resided. Id. at 2.

On March 6, 2016, Coley was arrested during a traffic stop in Los Angeles, California, and officers found Coley in possession of five gallon-sized Ziploc bags containing suspected narcotics, 100 smaller plastic baggies, and six 10-gallon metal containers. Id. Samples of the suspected narcotics were tested and found to contain chemicals used in the manufacturing of PCP. Id.

On May 8, 2019, Coley was charged with manufacturing a controlled substance in violation of California law, to which he pled no contest, and was sentenced to a term of 7 years with all but 30 days suspended, to be followed by a 5-year term of probation. Id. Following his conviction in California, this court issued a summons for a revocation hearing for Coley. Pet. for Summons, ECF No. 74. On November 5, 2019, Coley appeared before the court and admitted to violating a term of his supervised release, i.e., that he not commit another federal, state, or local crime. Minute Entry, ECF No. 88. Based on the Grade A supervised release violation and Coley's criminal history category of VI, his guidelines sentencing range was 51 to 63 months. The statutory sentencing range was 1 to 5 years. Supervised Release Violation Report, ECF No. 89 at 3. The court imposed a sentence of 51 months, which Coley began serving on January 9, 2020, with no additional period of

supervision. ECF No. 90. On December 13, 2021, Coley was released to a halfway house and shortly after, to home confinement in Fontana, California. To date, Coley has served approximately 70 percent of his revocation sentence and has a projected release date of August 23, 2023.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Coley's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

Regarding exhaustion of administrative remedies, Coley asserts that he requested

---

[2] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last viewed April 3, 2023).

4

compassionate release from the Warden of Federal Prison Camp Yankton on October 6 and October 19, 2021, and the requests were denied on October 13 and October 26, 2021, respectively. Supp. Mot., ECF No. 126. The government does not contest that Coley has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Coley has satisfied the statute's exhaustion requirements.

The court next must consider whether there are any "extraordinary and compelling reasons" that would warrant "reduc[ing] the term of imprisonment" imposed in Coley's case. 18 U.S.C. § 3582(c)(1)(A). In United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020), the Fourth Circuit held that district courts may consider "any extraordinary and compelling reason for [compassionate] release that a defendant might raise." McCoy, 981 F.3d at 284 (citing United States v. Brooker, 976 F.3d 228, 239 (2d Cir. 2020)). In so finding, the court rejected the notion that district courts are constrained by the policy statement found in USSG § 1B1.13 and the application note that accompanies the policy statement. See McCoy, 981 F.3d at 280–84. In the same case, the Fourth Circuit found that changes in law creating a "gross disparity" between a petitioner's sentence at the time of conviction and the sentence that could be imposed under current law can be considered an "extraordinary and compelling reason" for granting compassionate release. Id. at 285–86.

Coley argues that he can show an "extraordinary and compelling reason" for compassionate release based on a change in the law regarding designation as a career offender under the sentencing guidelines. Under USSG §4B1.1, a defendant is designated a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the

5

> instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

However, under <u>United States v. Norman</u>, 935 F.3d 232, (4th Cir. 2013), convictions for conspiracy to distribute drugs are no longer considered controlled substance offenses under USSG § 4B1.2. The Fourth Circuit reasoned that because the "generic, contemporary meaning" of "conspiracy" requires an overt act, and "conspiracy" under § 846 does not require an overt act, § 846 criminalizes a broader range of conduct than that covered by generic conspiracy. <u>Id.</u> at 236–38.

Coley was sentenced in 1996 as a career offender. If sentenced today, Coley's 1996 conviction for conspiracy to manufacture and distribute PCP would not be considered a controlled substance offense, disqualifying him for a career offender designation. Without the career offender designation, his criminal history category is IV. PSR, ECF No. 119 ¶ 63. And if his guidelines range on the supervised release violation were calculated without the career offender designation, it would be 37 to 46 months, rather than 51 to 63 months. <u>See</u> U.S.S.G. § 7B1.4(a). Thus, if Coley's supervised release were revoked for a Grade A violation today, his guidelines range for imprisonment would be 37 to 46 months, rather than 51 to 63 months. <u>See</u> USSG § 7B1.4(a).

Coley further argues that, given his revocation sentence of 51 months was on the low end of the guidelines sentencing range, a similar sentence under the new guidelines range would be 37 months. The disparity between Coley's sentence at the time of his conviction and the sentence he would likely receive if he were similarly sentenced today is a difference of 14 months, or about 25 percent. Coley argues that this difference in sentencing is a gross

6

disparity and constitutes an extraordinary and compelling reasons to reduce his sentence.

The government argues that the disparity between Coley's imposed sentence and the sentence he would receive for the same conduct today is not an extraordinary and compelling reason to reduce his sentence. However, based on McCoy, the court disagrees. McCoy found that in the context of "stacked" sentences imposed under 18 U.S.C. § 924(c), "the enormous disparity between [the original] sentence and the sentence a defendant would receive today can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." McCoy, 981 F.3d at 285. This court and others have applied McCoy's reasoning to motions for compassionate release seeking a reduced sentence based on the claim that the defendant received what would be an invalid career offender designation under Norman if sentenced today. See, e.g., United States v. Gilmer, No. 5:00-cr-30053, 2022 WL 1423615 (W.D. Va. May 5, 2022); United States v. Cooper, No. 1:10CR00043-001, 2022 WL 1302708 (W.D. Va. May 2, 2022); United States v. Morris, No. 4:13cr25, 2022 WL 1285183 (E.D. Va. Apr. 29, 2022); United States v. Williams, No. 14-cr-428, 2021 WL 5827327 (E.D. Va. Dec. 8, 2021); United States v. Fennell, 570 F.Supp.3d 357 (W.D. Va. 2021); United States v. Richards, No. 3:11-cr-31, 2021 WL 3861599 (W.D. Va. Aug. 30, 2021); and United States v. Trice, No. 7:13-CR-34-1001, 2021 WL 402462 (W.D. Va. Feb. 3, 2021).

Additionally, the fact that the difference in the two sentences is 14 months, and not the decades of difference cited in McCoy, is not dispositive. This court found in United States v. Shaw, No. 5:15-cr-00025, 2021 WL 3007266 (W.D. Va. July 15, 2021), that a sentencing disparity of 22 months was an extraordinary and compelling reason to grant a

7

sentence reduction. Here, the 14-month difference in the sentences is almost 25 percent of Coley's current sentence and more than a year of his life. The court finds that the 14-month disparity between Coley's current sentence and the sentence he would likely be given for the same conduct today meets the threshold discussed in <u>McCoy</u>, and the change in career offender status is an "extraordinary and compelling" reason to warrant a sentence reduction under § 3582(c)(1)(A).[3]

The government further argues that new authority from the Fourth Circuit supports its position that compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not the proper vehicle to seek a reduction in sentence due to a change in the career offender designation under <u>Norman</u>. In <u>United States v. Ferguson</u>, 55 F.4th 262, 272 (4th Cir. Nov. 29, 2022), the Fourth Circuit held that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." The government contends that this holding precludes a finding that Coley's sentencing disparity due to his career offender designation is an extraordinary and compelling circumstance warranting sentence reduction.

However, the holding <u>Ferguson</u> does not control in Coley's case. In <u>Ferguson</u>, the defendant sought to challenge his original sentence, in which he was sentenced to a

---

[3] Coley also argued that a separate basis for granting compassionate release was that he was the primary caretaker for his wife who was seriously ill. At the time he was released to home confinement, Coley lived with his wife, his son, and his daughter-in-law. When Coley assumed the role of primary caretaker for his wife, management at the halfway house overseeing his home confinement allowed Coley to drive his wife to and from treatment appointments. Coley nevertheless argued that his sentence should be reduced to time served so that he would be available to seek unscheduled care if it became necessary. In Coley's November 2022 emergency supplement to his motion for compassionate release, he informed the court that his wife's health had deteriorated and she had moved into her daughter's home, which was thirty-five to forty minutes from where Coley lived with his son. Management at the halfway house allowed Coley to go to his daughter's house to care for his wife during the day, but he could not come and go at will. He asserted that his need to provide more care for his wife was an extraordinary and compelling reason for compassionate release. The court recently learned that Coley's wife has passed away. This sad news renders moot any claim for compassionate release that Coley might have had based on his claim that he was her caretaker.

8

mandatory minimum of 30 years of imprisonment for possession of a firearm in furtherance of a drug trafficking crime, because the "indictment did not allege that he possessed a silencer." Id. at 266. The court held that the defendant could not collaterally attack his conviction through a compassionate release motion in an attempt to "sidestep [28 U.S.C.] § 2255's requirements." Id. at 270. The Fourth Circuit explained that Ferguson's argument was unlike the defendants' argument in McCoy, that "a change in the sentencing law that occurred after their sentencings (but did not apply retroactively) merited a reduction in their sentences to conform to that change." Id. at 271 (citing to McCoy, 981 F.3d at 275).

In this case, Coley's argument is like that of the defendants in McCoy rather than like the defendant in Ferguson. Coley argues that a non-retroactive change in sentencing law occurring after his sentencing would result in his not being classified as a career offender if sentenced today, and that such a change merits a reduction in his sentence to conform to that change. His argument is not foreclosed by Ferguson because Coley is not challenging the constitutionality of his original conviction or the proceeding that resulted in the revocation of supervised release. Nor is he arguing that either the original or revocation sentence was unconstitutional or otherwise based on an erroneous calculation. Rather, he asserts that the change in law brought about by Norman creates an extraordinary and compelling reason for a sentence reduction and this argument falls squarely within the ambit of McCoy. For this reason, the court finds that Coley's argument is not affected by the decision in Ferguson.

### III.

Having found that Coley has demonstrated an "extraordinary and compelling reason"

to warrant a sentence reduction under § 3582(c)(1)(A), the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (internal quotations omitted). The relevant factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .
>
> (5) any pertinent policy statement –
>
> (A) issued by the Sentencing Commission . . . .

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The government argues that the § 3553(a) factors weigh against granting a sentencing reduction. After considering the applicable factors, the court concludes that the factors weigh in favor of a sentence reduction.

Beginning with the nature and circumstances of Coley's offense, the court finds Coley's conduct to be serious. Coley trafficked in PCP for almost thirty years. In 1988, he was convicted of conspiracy to manufacture and sell PCP in Los Angeles, California, and was sentenced to four years of imprisonment. He also was convicted in 1991 in the Eastern District of Arkansas for conspiracy to possess PCP with intent to distribute and was released in 1994. From 1994 to 1996, Coley was involved in a large conspiracy to manufacture and distribute PCP across several states. He was convicted in 1996 for that offense and was released in 2012. Four years after his release, Coley was found at a traffic stop in California to be in possession of tools and chemicals used for the manufacturing of PCP. Given the danger and disastrous effects that drug distribution imposes on a community, the nature and circumstances of Coley's offense weigh against a sentence reduction.

Turning to the history and characteristics of the defendant, as described above, Coley has a long history of being involved in the drug trade, despite several periods of incarceration. However, during his most recent period of imprisonment, Coley, who is now 65 years old, committed no disciplinary infractions and successfully participated in several programs including a narcotics treatment program and working 1000 hours in an occupational training program. Inmate Records, ECF Nos. 126-1, 126-2, 126-3. In addition, his criminal history

11

does not indicate any convictions for weapons possession or violent offenses. PSR, ECF No. 119 ¶¶ 55–70. On balance, the court finds that his history and characteristic are neutral regarding a sentence reduction.

The second relevant factor stresses the need for the sentence imposed to serve the purposes of punishment enumerated under § 3553(a)(2). Coley has served approximately 37 months of his 51-month revocation sentence. He has been on home confinement since December 2021 and there is no indication that he has violated the terms of release. While the fact that Coley's drug manufacturing offense was committed while he was on supervised release gives the court substantial pause, Coley's age and disciplinary record since incarceration indicate a low risk of recidivism. See United States v. Howard, 773 F.3d 519, 533 (4th Cir. 2014) (citing evidence that recidivism rates decrease with age). Also, as Coley argues, the Bureau of Prisons has designated him a "minimum risk" for recidivism. Inmate History, ECF No. 126-2 at 2. Taken together, the court finds that Coley's compliance with the terms of home confinement along with indications of a reduced risk of recidivism weigh in favor of finding that a reduced sentence will serve the purposes of punishment.

Looking at the kinds of sentences available, as noted above, if Coley were sentenced on the revocation today, his guidelines sentence would be 37 to 46 months. As Coley has now served more than 38 months of the revocation sentence, this factor weighs in favor of a sentence reduction. None of the other § 3553(a) factors weigh in favor or against a sentence reduction.

After considering the applicable § 3553(a) factors, the court concludes that a sentence reduction is warranted in Coley's case. Considering the circumstances of his offense,

including his history and characteristics, both positive and negative, the need for his sentence to serve the enumerated purposes of punishment, and the need to avoid unwarranted sentencing disparities between similarly situated defendants, the court concludes that Coley's sentence should be reduced to time served. Such a sentence appropriately reflects the seriousness of Coley's conduct and criminal history, promotes respect for the law, provides just punishment, affords specific and general deterrence, and protects the public. See 18 U.S.C. § 3553(a).

For the reasons stated herein, the court will **GRANT** Coley's motions for compassionate release, ECF Nos. 122, 126, and 133. Coley is sentenced to a term of 37 months, or time served, whichever is greater. The Clerk is directed to send a copy of this order to the petitioner, his counsel of record, and the United States.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: April 10, 2023

Michael F. Urbanski
Chief United States District Judge